SOUTH CAROLINA MUTUAL INS. CO. v. PRICE.

1. CORPORATION—NAME—INSURANCE.—Changing name of a corporation by act of the General Assembly does not change its liabilities or rights. Member of insurance company before name is changed is member afterward.

2. INSURANCE—PLEADINGS.—THE COMPLAINT herein states a cause of action by a mutual insurance company against its member for assessments, which were made after losses and while he was a member.

Before WATTS, J., Abbeville, October, 1902.    Reversed.

Action by South Carolina Mutual Insurance Co. against T. J. Price. From Circuit order, plaintiff appeals. Respondent asked that decree be sustained on the following additional grounds:

"I. Because the presiding Judge should have sustained the following exception to the master's report, viz: 1. Because it was error in the master to allow the plaintiff to amend the complaint herein, because the complaint, as proposed to be amended, would not state a good cause of action and would be ineffectual on the ground, viz: The complaint should be brought in the name of the Greenville Mutual Insurance Company, to which company defendant's liability was incurred.

"II. Because his Honor erred in overruling, or in also not basing his decision on the ground taken by the second exception to the master's report, and not holding that the complaint was subject to demurrer on the following grounds, viz: 1. Because it fails to allege that the property described in the complaint is the property of the defendant. 2. Because it is not alleged in the complaint that the losses were incurred by members of the company. 3. Because the com-

plaint fails to state that the amount sued for is the *pro rata* share due by the defendant."

*Mr. J. Fraser Lyon,* for appellant, cites: *As to change of name:* 7 Ency., 2 ed., 687, 686; 7 Wall, 1; 5 Ency. P. & P., 66; 16 Ency., 889; Haw. Par. to Act., sec. 90; 3 Ala., 660; 7 Gratt., 476. *Master may allow amendments to pleadings:* Code Proc., 1902, 294; 9 S. C., 354; 18 S. C.; 305. *As to consideration for assessments:* 25 S. C., 326; 16 Ency., 2 ed., 861.

*Mr. Wm. N. Graydon,* contra (oral argument).

July 21, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves the correctness of the judgment pronounced by Judge Watts, when he adjudged that plaintiff's complaint should be dismissed. It seems that in the early part of the year 1897, to wit: on the 13th March, 1897, the defendant applied for and obtained a policy of insurance on his dwelling house, household and kitchen furniture, wearing apparel of himself and family, on three tenant houses, one barn, one log barn, one horse and three mules, aggregating $1,490, and against all losses which might occur from fire, wind and lightning. This was a mutual insurance company, when, after providing for certain individual fees to be paid by the insured, it was agreed by the insurer and the insured that when any one or more members of the company sustained a loss to the property insured by such members, that such loss or losses should be paid or "made good" by *pro rata* assessments upon the property of the members in their application and policies of insurance, which said property is pledged to said company to secure the payment of such assessments. That there were several losses for which assessments were duly made but were not paid. That the policy was surrendered for cancellation and actually cancelled, 20th April, 1898.

That on the 16th day of February, 1898, the General Assembly of this State, 22 vol. Statutes at Large, p. 889, amended the charter of the Mutual Insurance Company of Greenville, S. C., by striking out that name and inserting in lieu thereof the words "South Carolina Mutual Insurance Company." That said Mutual Insurance Company of Greenville, S. C., is now known as the South Carolina Mutual Insurance Company, and the latter is entitled to all the rights and privileges as well as being subjected to all the liabilities of the said Mutual Insurance Company of Greenville, S. C. That, in other words, the two seemingly distinct organizations are in law and fact but one and the same organization. That under the charter, by-laws, rules and application and contract for insurance, the company was given a lien upon all the property insured to secure the payment of all assessments, annual dues and charges with which this assured was properly chargeable; and that the defendant was chargeable under his contract to pay the sum of $9.56 for losses assessed against him before his policy was cancelled. The facts were referred to the master for Abbeville County. Defendant excepted to the same, which exceptions of defendant were made the basis of Judge Watts' judgment. Practically these were the findings of fact and conclusions of law by the said Circuit Judge.

1. That there was a failure of proof to show that the defendant ever became a member of the company plaintiff.

2. That there was a failure of proof to show that the losses for which the assessments were made and which were sued for in this action, occurred while defendant was a member of this company.

3. That defendant was a member of the Mutual Insurance Company of Greenville, S. C., but in effect he holds that he was not a member of the company after its name was changed by the General Assembly of this State in February, 1898.

4. Therefore, the defendant's exceptions to the master's

14—67

report should be sustained and the complaint dismissed with costs.

We cannot sustain these conclusions of the Circuit Judge. Our recent case of *State ex rel. Milford et al.* v. *Brock et al.*, 66 S. C., page 361, decides that where an act of our General Assembly makes an amendment in *name only* to a chartered institution, it will not destroy its identity and actual existence. Hence the General Assembly in 1898 only changed the name of an already chartered company to another name. No legal effect was wrought by subsequent act except in the change of the name. To the same effect, see 7 A. & E. Ency. of Law, 687 (2 edition); *Girard* v. *Philadelphia*, 7 Wallace, 1. It thus follows that the Circuit Judge was in error.

So as to the second position of the Circuit Judge, it cannot be sustained. There was proof that the assessments were made while the defendant was a member. The third point is disposed of already adversely to the views of the Circuit Judge. The fourth point, where the Circuit Judge dismisses the complaint for the foregoing reasons, must be overruled.

Now as to the additional reasons submitted by defendant why the judgment of the Circuit Judge should be sustained. (a) We held that the master was authorized by law to allow the amendment he did, and that plaintiff brought his complaint under the proper name. (b) Nor can we find any merit under this head. There was no ground of demurrer. (1) The property insured was presented as that of the insured; he would be estopped to deny that fact. (2) It follows of necessity that the assessments now made were to pay members of the association. (3) The whole proceeding must be considered as a whole as set out in the complaint, and such is declared in the complaint as the basis of such assessment. Let these additional grounds of defendant be reported.

It follows, therefore, that the judgment of the Circuit

Court be reversed, and the action remitted to the Circuit
Court for a new trial.